## A. M. HARRIS AND WM. STICKLE *v.* A. M. McGREGOR.

CERTIFICATE OF INCORPORATION.—A certificate of incorporation which does not set forth the name of the city, or town and county in which the principal place of business of the corporation is. to be located, does not establish the existence of a corporation.

PREREQUISITES TO CORPORATE EXISTENCE.—There must be a substantial compliance with all the forms of the Act by the persons seeking to become a body corporate, before the corporation can be considered *in esse.*

NONSUIT WORKS DISSOLUTION OF INJUNCTION.—When a preliminary injunction is granted on plaintiff's application, the injunction should be dissolved if a nonsuit is granted on the trial.

RENEWAL OF INJUNCTION AFTER ITS DISSOLUTION.—If a preliminary injunction is dissolved upon granting a nonsuit, and the judgment is afterwards reversed on appeal, the plaintiff, upon a proper application, will be entitled to a renewal of the injunction upon filing the *remittitur* in the Court below.

APPEAL from the District Court, Eleventh Judicial District, Calaveras County.

This was an action to recover the sum of six hundred dollars damages for the diversion by the defendant of the waters of the Middle Fork of the Mokelumne River, in Calaveras County, away from the ditch or canal known as the Sandy Gulch, or Harris' Ditch, and for an injunction to prevent fur-

ther diversion during the pendency of the action, and for a perpetual injunction upon final hearing.

At the time of the issuance of the summons an injunction was granted upon the complaint, restraining and enjoining the defendant from such diversion until the further order of the Court.

On the trial, plaintiffs introduced evidence to show that since 1855 they had been in possession of and claiming as their own the ditch mentioned in the complaint, and that during all the time up to 1864 they had diverted through the same, to the extent of its capacity, the waters of the Middle Fork of the Mokelumne River, and that since 1864, defendant, by means of another ditch, had diverted the water from plaintiffs' ditch. On cross examination of plaintiffs' witnesses, defendant, to prove the title to plaintiffs' ditch to be in a corporation known as the Bunker Hill Canal and Mining Company, offered in evidence a certificate of incorporation of said company, dated September 20th, 1853, being the certificate referred to in the opinion of the Court. Plaintiffs objected to the certificate, because it did not state the name of the city, or town and county in which the principal place of business of the company was to be located. The Court overruled the objection. The Court also, notwithstanding plaintiffs' objection, allowed defendant to prove, on cross examination of plaintiffs' witnesses, that at the date of the certificate the corporation therein named owned an interest in the ditch, and that the corporation then entered into possession of it, claiming it, and issued certificates of stock to the different persons owning interests in the ditch, and that during the time plaintiffs and their grantors had been in possession, they claimed to be the owners, because they had succeeded to the shares of stock in the corporation, and that plaintiffs never received any deed from the corporation, or any license to enter into possession.

No objection was made that this evidence was not proper on cross examination.

When plaintiffs rested, the Court, on defendant's motion, granted a nonsuit.

The other facts are stated in the opinion of the Court.

*Badgley & Tilden*, for Appellants.

The certificate of the Bunker Hill Canal and Mining Company is fatally defective. It fails to state the name of the city or town and county where the place of business of the company was to be located, or the place of business of the company at all, as required by the statute. (Wood's Digest, p. 119, Art. 481, Sec. 2.)

In the matter of the application of the *Spring Valley Waterworks*, 17 Cal. 132, the Court said: " The failure to describe the place of business of the corporation, as ' the principal place of business,' was a mere technical error, which did not avoid the Act. The charter could not be held void on any such ground. The statement that San Francisco was *the* place of business, would seem to imply that it was not only the principal but the only place of business." By this argument of a substantial compliance with the Act in this respect, we understand the statement of the place of business to be absolutely necessary; and if it may be omitted from the certificate, what requirements of the Act may not?

*William L. Dudley*, for Respondent.

The certificate meets the substantial requirements of the provisions of the Act under which it was executed. (Wood's Digest, p. 119, Art. 481, Sec. 2.) While it is true that the certificate does not contain the precise words found in the second section of the Act, to wit: " the principal place of business of the company is to be located," still it does contain the following words: " The operations of the company are to be carried on in the County of Calaveras," which we submit meets the substantial requirements of the Act " to provide for the formation of corporations for certain purposes," and defines, in language clear and explicit enough to be understood, the principal place of business of the company. The case cited by

appellants' counsel in 17 Cal. 132, to overthrow this position, in our judgment sustains it fully.

By the Court, SANDERSON, C. J.

We pass the question as to the right of the defendant to prove the title to the Sandy Gulch or Harris Ditch, to be outstanding in the Bunker Hill Canal and Mining Company alleged by the defendant to be a corporation, for the reason that in our judgment the evidence fails to establish the existence of any such corporation.  The certificate offered in evidence for the purpose of proving the existence of such a corporation fails to comply with the provisions of the Act under which the alleged corporation was attempted to be formed, in an essential particular rendering it null and void.  That Act prescribes with particularity the terms and conditions upon which persons seeking its benefits, and their successors, may become a body politic and corporate, and there must be at least a substantial compliance with each and all of those conditions before the corporation can be considered *in esse*. (*Mokelumne Hill Mining Company* v. *Woodbury*, 14 Cal. 424.)

*Essentials of a certificate of incorporation.*

By the express terms of the statute the certificate of incorporation must state the following particulars :

1.  The corporate name ;  2.  The objects for which the corporation is formed ;  3.  The amount of its capital stock ;  4. The term of its existence, not to exceed fifty years ;  5.  The number of shares into which the stock is divided ;  6.  The number of trustees and the names of those who are to manage the affairs of the corporation for the first three months ;  7. The names of the city or town and county in which the principal place of business is to be located.   With the last of the foregoing provisions of the statute, the certificate in question fails to show a substantial compliance.   All that is stated in the certificate in that respect is as follows :  " The operations of the company are to be carried on in the County of Cala-

veras, State of California." This language in no sense, either expressly or by implication, can be held to designate the principal place of business of the corporation. It simply designates the county and State where the " operations of the company are to be carried on." But the " operations " of a corporation may be carried on in one county and their principal place of business, within the meaning of the statute, be in another and distant county ; or the former may be in one State and the latter in another. But could we understand the language in question as fixing the principal place of business of the corporation in Calaveras County, the failure to comply with the statute would only be less in degree, for there is no specification of the " city " or " town," which is no less essential than the designation of the county, for it is so expressly provided. The " principal place of business " contemplated and intended by the statute is the principal office of the corporation at which the books of the corporation are kept and its officers usually and ordinarily meet for the purpose of managing the affairs and transacting the business of the corporation, and the statute requires that the city or town, as the case may be, at which such office is to be located shall be stated in the certificate, for reasons which are obvious. But whether for reasons or not is immaterial, for the same will which alone can confer corporate privileges can prescribe the conditions of the grant, and it is sufficient to say that such and such are the conditions.

In view of the judgment of nonsuit the order dissolving the injunction was proper ; the latter followed the former as a matter of course. Upon the return of the case to the Court below the plaintiff will be entitled to a renewal of the injunction upon a proper application.

Judgment reversed and cause remanded for further proceedings.

SAWYER, J., concurring specially.

Plaintiff relied for recovery on an actual prior possession for a long period of time, and under the well settled rule in this State, all the evidence of the defendant relating to the corporation was irrelevant and inadmissible. (*Bird* v. *Lisbro,* 9 Cal. 1; *Hubbard* v. *Barry,* 21 Cal. 325; *Richardson* v. *McNulty,* 24 Cal. 347, 348.)   On this ground, also, the judgment should be reversed.