## PACIFIC BANK *v*. CHARLES DE RO.

POWER OF THE LEGISLATURE TO CHANGE THE NAME OF A CORPORATION. — The power of the Legislature to change the name of a corporation by special statute, in view of the constitutional provision that "corporations may be formed under general laws, but shall not be created by special Act, except for municipal purposes," considered, but not decided.

CORPORATE FRANCHISES CANNOT BE QUESTIONED IN A PRIVATE ACTION. — In an action upon a promissory note by a *de facto* corporation against an indorser, the latter, in view of the statute of 1862, (Stats. 1862, p. 110,) cannot put the due incorporation of the plaintiff, or its right to exercise corporate powers, in issue, if the plaintiff claims in good faith to be a corporation under the laws of this State, and to be doing business as such.

SCOPE OF THE STATUTE OF 1862 PROHIBITING AN INQUIRY INTO THE RIGHT OF A *de facto* CORPORATION TO EXERCISE CORPORATE POWERS. — The effect of the statute of 1862, providing that the due incorporation of a company claiming in good faith to be a corporation under the laws of this State, shall not be questioned in a private suit, is not limited to corporations existing at the time of its passage, but extends also to corporations since created.

STAMPS. — The waiver, by an indorser of a promissory note, of presentation, demand, notice of non-payment, and protest, written upon the back of the note, need not be stamped in order to be valid.

EXPLANATIONS AND COMMENTS. — The case of *Harris* v. *McGregor*, 29 Cal. 124, commented upon and explained.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco

The defendant appealed.

The plaintiff had been incorporated prior to the 18th of April, 1866, under the laws of this State, under the corporate name of the "Pacific Accumulation Loan Company." On that day, acting under an Act of the Legislature passed March 31st, 1866, entitled "An Act to authorize the 'Pacific Accumulation Loan Company' to change its name," the plaintiff changed its name to "Pacific Bank." On the 31st of August, 1865, one Richard Chenery had made his promissory note payable to the defendant, who indorsed and delivered it to the plaintiff on the 28th of February, 1866. The indorsement was in these words: "Presentation and demand, notice of non-payment and protest waived." This waiver was not stamped. The action was upon this note.

By demurrer and answer the defendant denied the corpo-
rate existence of the plaintiff, and disputed the power of the
Legislature to change the name of the plaintiff by special
statute; and in argument also claimed that he was not pro-
hibited from questioning the due incorporation of the plain-
tiff by reason of the statute of 1862, providing that the due
incorporation of a company claiming in good faith to be a
corporation under the laws of this State shall not be ques-
tioned in a private suit, because that statute was passed prior
to the incorporation of the plaintiff, and was intended to
apply only to corporations which were in existence at the
time of its passage; and further, that his waiver of demand
and protest was void for the want of a revenue stamp.

*Patterson, Wallace & Stow*, for Appellant, cited, in support
of the proposition that the Legislature cannot change the
name of a corporation by special statute: *Atkinson* v. *Manola
R. R. Co.*, 15 Ohio St. 35; *The State* v. *Davison*, 16 Ind. 40;
*Aspinwall* v. *Davies Co.*, 22 How. 364; *Lowe* v. *Marysville*, 5
Cal. 216.

To the proposition that the statute of 1862 did not inhibit
the defendant from questioning the due incorporation of the
plaintiff, they cited *Harris* v. *McGregor*, 29 Cal. 128.

To the proposition that the waiver of demand and protest
was void for the want of a stamp, they cited 13 U. S. Stats.
at Large, 291, 292, 298, Secs. 158, 163.

*Winans*, for Respondent, in reply to the first proposition
of the appellant, cited: *Warner* v. *Beers*, 23 Wend. 175;
*Mosier* v. *Hilton*, 15 Barb. 663; *California State Telegraph Com-
pany* v. *Alta Telegraph Company*, 22 Cal. 425. In reply to the
second proposition of the appellant he cited: *Dannebroge
Mining Co.* v. *Allment*, 26 Cal. 286; *Rondell* v. *Fay*, 32 Cal.
354. Counsel further argued that, regardless of the statute,
the appellant could not question the corporate powers of the
respondent upon the principles of the common law, of which
the statute was merely declaratory; and cited *Palmer* v. *Law-*

*rence,* 3 Sandf. 161; *Browner* v. *Hill,* 1 Sandf. 629; *Steam Nav. Co.* v. *Weed,* 17 Barb. 378; *Spring Valley Water Works* v. *San Francisco,* 22 Cal. 441; *Union Water Co.* v. *Murphy's Flat Fluming Co.,* 22 Cal. 630; *Coryl* v. *McElrath,* 3 Sandf. 179; *Scarsboro Insurance Co.* v. *Cutler,* 6 Vt. 323; *Judah* v. *American Live Stock Insurance Co.,* 4 Ind. 338; *Hughes* v. *Somerset Bank,* 5 Littell, 46; *Tar River Manufacturing Co.* v. *Neal,* 3 Hawks, N. C., 20; *John* v. *Farmers' and Mechanics' Bank,* 2 Blackf. 367; *Congregational Society* v. *Perry,* 6 N. H. 164. And in reply to the last point of the appellant he cited: *Hallock* v. *Jaudin,* 34 Cal. 167; *Howard* v. *Smith,* 4 Bingham, N. C., 684; Edwards on Stamp. Act, 213.

By the Court, Sanderson, J. :

Three questions have been discussed in argument:

First—Does the plaintiff exist as a corporation under the name of "Pacific Bank?"

Second—Is the defendant in a position to question the corporate existence of the plaintiff?

Third—Do the Revenue Laws of the United States require a waiver of "presentation and demand, notice of non-payment and protest for value received," written upon the back of a promissory note by an indorser, to be stamped?

The first question involves the power of the Legislature to change the name of a corporation by *special* statute, it being claimed that the power is denied by the thirty-first section of the Fourth Article of the Constitution, which provides that "corporations may be formed under general laws, but shall not be created by *special* Act, except for municipal purposes." The mere changing of the name of a corporation is not, as it appears to us, the *creation* of a corporation in the sense of the Constitution. As suggested by counsel for the plaintiff, it would seem that the changing of the name of a corporation is no more the creation of a corporation than the changing of the name of a natural person is the begetting of a natural person. The Act, in both cases, would seem to

be what the language which we use to designate it imports —a change of *name*, and not a change of *being*. But it is unnecessary to decide this point for any purpose of the present case, for under the rule in *Dannebroge Mining Compang* v. *Allment*, 26 Cal. 286, and *Rondell* v. *Fay*, 32 Cal. 354, the defendant was not in a position to make it. There is no pretense but that the plaintiff is "claiming in good faith to be a corporation under the laws of this State, and doing business as such corporation" under the name of "Pacific Bank." Such being the case, neither "its due incorporation" nor "its right to exercise corporate powers" can "be inquired into collaterally in any private suit to which it is a party." Such inquiry must be had at the suit of the State, for so the statute expressly provides. (Stats. 1862, p. 110, Sec. 6.) Under the operation of this statute it is only necessary for a corporation, in order to establish, if controverted, its capacity to sue, to prove that it is a corporation *de facto* claiming in good faith to be a corporation, and to do business as such under the laws of this State. It is said, however, upon the part of the defendant, that this statute was not intended to affect corporations to be created after its passage, but only such as were then in existence; and hence, that it cannot be invoked by the plaintiff, which has been created since its passage. We see no grounds for such a construction. The statute is an amendment to a general statute concerning corporations passed in 1850, and necessarily affects all corporations which are formed, or intended to be formed, under the laws of this State. There is nothing in its language indicating an intent to confine its operation to existing corporations, nor is there anything in the reason upon which it is founded suggestive of such a limitation. We find nothing which indicates that it was intended as a curative statute merely— to heal existing infirmities only. Had such been the sole object, the Legislature would not have passed it as an amendment to a general law, which was an existing and continuing law upon the general subject of corporations, and the mere fact that it was so passed is conclusive that it was designed,

like the statute of which it became a part, to have a prospective operation. That it was intended as a rule for future corporations there can be no question. The only doubt which could arise in this connection, would be as to whether it was intended or is to be construed as acting retrospectively —that is to say, upon corporations already formed. The case of *Harris* v. *McGregor*, 29 Cal. 124, cited by counsel, lends no countenance to the idea that corporations formed after the passage of the statute are not within its purview. This statute was not in that case, nor was any reference made to it. Neither of the parties was a corporation, nor did either party claim under a corporation. The plaintiffs were natural persons, and sued the defendants, who were natural persons, for damages caused by an alleged diversion of water by the defendants from the plaintiffs' ditch or canal. To defeat a recovery, the defendants undertook to prove that the ditch was not the property of the plaintiffs, but of a third party, to wit: a corporation known as the Bunker Hill Canal and Mining Company. For the purpose of proving the existence of such a corporation they offered in evidence what purported to be a certificate of incorporation, which was objected to by plaintiffs as fatally defective; the Court, however, held it to be valid. No attempt was made to prove a *de facto* corporation within the purview of the statute, for the Court held that the certificate was sufficient, and, therefore, proved a corporation *de jure*. On appeal we held that the certificate, *as such*, was fatally defective, and did not, therefore, prove the existence of the corporation. If it could have been done, in view of the fact that the corporation was not a party to the suit, no attempt or offer had been made to obviate the defects in the certificate by proof of a *de facto* corporation within the meaning of this statute, hence no question did or could arise as to the effect of the statute.

The waiver of presentation, demand, notice of non-payment, and protest was not a contract within the meaning of the laws of the United States requiring a stamp. The statute requires a promissory note to be stamped, but so far as

Points decided

we have been able to discover, there is no provision requiring a *transfer* of a promissory note to be stamped. The contract between the plaintiff and defendant related to the transfer of the note in suit, and the nature of the transaction, in view of the Stamp Act, is unaffected by the mere terms in which the transfer is made.

Judgment affirmed.