[14933.   Department One. — May 20, 1893.]

IN RE CREDITORS, RESPONDENT, *v.* THE CONSUMER'S LUMBER COMPANY, APPELLANT.

INSOLVENCY — BOND OF PETITIONING CREDITORS — JURISDICTION. — The failure of the petitioning creditors of an insolvent to file a bond signed by the creditors and two sureties under section 8 of the Insolvent Act, and the filing of a bond signed by the sureties alone, if irregular, does not affect the jurisdiction of the court over the subject-matter of the proceeding.

ID. — PLACE OF BUSINESS OF INSOLVENT CORPORATION — PAROL EVIDENCE. — Under section 8 of the Insolvent Act, requiring a petition by creditors for an order of · adjudication of insolvency, to be filed in the county in which the debtor resides or has his place of business, parol evidence is admissible to show in what county a corporation, sought to be adjudged insolvent, has its place of business.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*John W. Turner,* for Appellant.

*J. F. Coonan,* and *Denver Sevier,* for Respondent.

GAROUTTE, J.— This is an appeal from an order of adjudication of insolvency, based upon a petition of creditors.   The demurrer to the petition was properly overruled.   Section 8 of the Insolvency Act requires the petition to be filed in the superior court of the county, or city and county, in which the debtor resides or has his place of business.   The allegation of the petition is that the lumber company has its place of business at Humboldt County, California.   Even conceding that an allegation of residence or place of business is essential to the sufficiency of the petition, then the allegation in this case comes squarely within the statute.

Section 8 of the act provides that "the petition shall be accompanied by a bond with two sureties in the penal sum of five hundred dollars."   It is now insisted for the first time that the court had no jurisdiction over the subject-matter of the proceeding, because no bond signed by the petitioning creditors and two sureties accompanied the petition, but an undertaking by sureties alone was filed.   It is not necessary to enter into an examination of the law as to the character of the bond or undertaking contemplated by the statute.   A provision of law

very similar in principle to the one under investigation was before the court in *Dixon* v. *Allen*, 69 Cal. 528, and it was there decided that a failure to file a bond was in no sense jurisdictional. If the undertaking in this case was objectionable, in fairness to the other side the defects should have been pointed out in order that they might have been remedied. As was said in *Greiss* v. *State Invest. & Ins. Co.*, *ante*, page 241: "Such a course is a fraud upon justice and prevents a fair trial. It is therefore not tolerated."

We know of no rule of evidence denying petitioners the right to prove, by parol, in what county the appellant corporation had its place of business. As we construe this provision of the Insolvency Act, it would be difficult to prove the fact in any other manner. The petition must be filed in the county where the "debtor resides, or has his place of business." A tradesman's residence and his place of business are often in different counties, and his creditors, under the foregoing provision, would be authorized to force him into insolvency in the county of his residence or in the county where he has his place of business. A corporation occupies no better or different position. As has been held in *Jenkins* v. *California Stage Co.*, 22 Cal. 538, and *Cohn* v. *Central Pacific R. R. Co.*, 71 Cal. 488, the principal place of business of a corporation, as stated in its articles, is its residence; but as in the case of an individual, its actual place of business, its scene of operations, the place where it buys and sells, may be a county entirely different from its place of residence. Justice Sanderson said in *Harris* v. *McGregor*, 29 Cal. 128: "But the operations of a corporation may be carried on in one county and its principal place of business within the meaning of the statute be in another and distinct county." In the present case, conceding the residence, viz.: the principal place of business of the appellant, to be in the city and county of San Francisco, its mill was located in Humboldt County; it carried on all its operations there; it contracted its liabilities there and there its creditors lived. Under the statute it had its place of business in Humboldt County, as contradistinguished from its residence, and it follows that the petition by the creditors was filed in the proper county. Under this construction of the statute, it becomes immaterial to examine the ruling of

the court as to the rejection, as evidence, of a certified copy of the original articles of incorporation. The certified copy was offered to prove residence, but, as we have seen, residence is an immaterial element in the present case. We might suggest that as a certified copy of the original articles would not prove the existence of a corporation, it is not plain that such evidence would establish residence for a corporation.

Let the judgment be affirmed.

HARRISON, J., and PATERSON, J., concurred.

Hearing in Bank denied.