[S. F. No. 846.    Department One.—February 28, 1899.]

In the Matter of the Application of LA SOCIÉTÉ FRANCAISE d'EPARGNES ET DE PREVOYANCE MUTUELLE (a Corporation), to Change Its Name to "French Savings Bank." VICTOR MARCHEBOUT, Appellant.

CORPORATION—CHANGE OF NAME BY COURT—CONSTITUTIONAL LAW.—The provisions of the Code of Civil Procedure, sections 1275 to 1279, providing for the change of the names of corporations upon petition to the superior court, is not unconstitutional as delegating legislative power to the judiciary. The legislature cannot itself create a corporation, or change its name by special act; but it may by a general law authorize the corporators who selected the name to petition the superior court for leave to change it.

ID.—CONSTRUCTION OF CODE—ENUMERATION OF CHARITABLE CORPORATIONS —GENERAL LANGUAGE—INCLUSION OF PRIVATE CORPORATIONS.—Section 1276 of the Code of Civil Procedure, providing that "any religious, benevolent, literary, scientific, or other corporation, or any corporation having for its name, or using or being known by the name of, any benevolent or charitable order or society," may apply to the superior court for a change of its corporate name, is not to be construed as limiting the terms "or other corporation" to corporations merely of the same kind with those specially enumerated, but the necessity or desirability of a change

of name being as likely to occur in the case of a private corporation organized for profit as any other, a change of name is to be considered as permitted to such private corporations by the language of that section.

ID.—PETITION BY SAVINGS BANK—CHANGE OF CUMBERSOME NAME.—A petition by a savings bank to change a cumbersome name to one more convenient is within the purview of section 1276 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Charles W. Slack, Judge.

The facts are stated in the opinion.

Warren Olney, Jr., for Appellant.

Stanly, McKinstry, Bradley & McKinstry, for Respondents.

HAYNES, C.—Said corporation filed in the superior court a petition praying that its name be changed to "French Savings Bank," assigning as reasons therefor that its name is cumbersome, unwieldy, and inconvenient in the transaction of business, that its meaning is only understood by persons having a knowledge of the French language, or to those to whom its meaning has been explained, that it is frequently referred to in the community as the "French Savings Bank," and that the business and best interests of the bank would be promoted by the change.

Said petition was signed by all the officers of the bank, and was approved by nearly all the stockholders.

The appellant, Victor Marchebout, also a stockholder, filed an opposition to said petition, in the nature of a demurrer, presenting two questions—one of constitutional law, and the other of statutory construction.

After due notice the petition was heard, witnesses examined, and findings and judgment granting the petition were made and entered, and Marchebout appeals.

This proceeding was had under the Code of Civil Procedure, sections 1275 to 1279, and appellant contends: 1. That said sections of the code are unconstitutional; and 2. That if said provisions are constitutional the said corporation is not one of those authorized to have its name changed by such proceeding.

1. The ground upon which appellant contends that said code provisions are unconstitutional is that they cast upon the court

the exercise of a legislative power in violation of article III of the constitution, which provides: "The powers of the government of the state of California shall be divided into three separate departments—the legislative, executive, and judicial—and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except as in this constitution expressly directed or permitted."

General definitions clearly distinguish these several departments or powers of the government, but the lines separating them are often indistinct and difficult to trace.

The code provides, in substance, that applications for change of name must be heard and determined by the superior court, the application therefor to be by petition, in which, among other things, must be stated "the reason for such change of name." Notice of the hearing is provided for, and objections may be filed by any person who can therein show "good reason against such change of name." Witnesses may be examined, and the court "may make an order changing the name, or dismissing the application, as to the court may seem right and proper."

It is contended that the change of name of a person or corporation is, in the first instance at least, a legislative act, and that such legislative power has been exercised. (Citing *Pacific Bank v. De Ro*, 37 Cal. 538, and *Wallace v. Loomis*, 97 U. S. 146.) In the first of these cases the power of the legislature to change the name of a corporation by special statute, in view of the constitutional provision that "corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes," was considered, but not decided; but under the same provision in the constitution of Alabama it was held in the second of said cases that the name of a railroad corporation could be changed by a special act, the court saying that "No new corporate powers or franchises were created by the act."

Our present constitution provides that: "Corporations may be formed under general laws, but shall not be created by special act" (Const., art. XII, sec. 1); and section 25 of article IV provides: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . . 6. Changing the names of persons or places."

The constitution does not forbid a change of names, but prohibits the legislature from changing them by special act, which would seem to be the only way by which the legislature by its own exclusive action could effect a change of name in any case, since the reason for the change must be special, and the new name must necessarily be inserted in the legislative act. It would therefore appear that the legislature has done all it could, under the restrictions of the constitution, to prescribe the grounds upon which the court may grant the petition, namely, upon reason for such change being alleged and shown, and further prescribing that the court "may make an order changing the name, or dismissing the application, as to the court may seem right and proper."

We do not dispute appellant's contention that the determination of the grounds upon which a change of name may be granted may, in the absence of constitutional prohibition, be the subject of legislative action; but we also think it is one of those questions which the legislature may remit to the judiciary.

In *Wayman v. Southard*, 10 Wheat. 1, 46, Chief Justice Marshall, in speaking of the distinction between these co-ordinate branches of the government, said: "The difference between the departments undoubtedly is, that the legislature makes, the executive executes, and the judiciary construes, the law; but the maker of the law may commit something to the discretion of the other departments, and the precise boundary of this power is a subject of delicate and difficult inquiry, into which a court will not enter unnecessarily."

In that case it appears that the process act, passed by Congress in 1789, adopted the state laws regulating the modes of proceeding in suits at common law, "subject, however, to such alterations and additions as the said courts respectively shall, in their discretion, deem expedient, or to such regulations as the supreme court of the United States shall think proper, from time to time, by rule, to prescribe to any circuit or district court concerning the same." It was contended that this clause, if extended beyond the mere regulation of practice in the court, would be a delegation of legislative authority which Congress had not power to make.

To this contention the court replied: "It will not be contended

that Congress can delegate to the courts, or to any other tribunals, powers which are strictly and exclusively legislative. But Congress may certainly delegate to others powers which the legislature may rightfully exercise itself. . . . . The line has not been exactly drawn which separates those important subjects, which must be entirely regulated by the legislature itself, from those of less interest, in which a general provision may be made, and power given to those who are to act under such general provisions, to fill up the details." (See, also, *Beers v. Haughton*, 9 Pet. 355.)

So in this state the courts are permitted to make rules and regulations upon many matters, which rules might have been enacted by the legislature in the form of statute law, if it could have anticipated the various circumstances giving rise to their adoption; but the adoption of these rules, as well as the many matters named in the codes as to which the courts are expressly authorized to exercise their discretion, is based, not upon the supposition that definite enactments in relation to them were not within the legislative power, but because all the facts and circumstances calling for the adoption of such rules, or the exercise of such discretion, could not be anticipated by the legislature and put in the form of specific enactment covering all cases that could possibly arise. The statute under consideration clearly vests in the superior court a discretion; but, as in all cases where the courts are permitted to exercise a discretion, it is not arbitrary, but guided and controlled by the principles of law and of justice. Indeed, from the very nature of the case, the exercise of the power to change the name of a person or corporation is quite as appropriate to the judicial as to the legislative branch of the government, nor can it be regarded as an encroachment upon the legislative department which has itself expressly authorized the courts to exercise it. Appellant concedes that, if the code prescribed the conditions and circumstances upon which the court should grant a change of name, the action of the court would not be legislative. This we think the legislature has done, as far as the nature and grounds of such proceedings will permit. Appellant's argument that the power of creating corporations is legislative, that the giving a corporation a name is part of the act creating it, and that the power to amend the creative act is the same as the

power to create the corporation, is specious and without controlling force, since the change of name confers no new corporate powers or franchises. (*Wallace v. Loomis, supra.*)    The Tennessee cases cited by appellant are entirely consistent with the views we have expressed.    It was there held that in order to confer upon the court of chancery the power to grant charters of incorporation the legislature must specify the terms upon which they should be granted, and the powers to be given, while in the act there considered these were all left to the discretion of the chancellor, and the act was properly held to be void.    (*State v. Armstrong*, 3 Sneed, 634; *Ex parte Chadwell*, 3 Baxt. 98.)    In forming corporations under a general act the name is not given by the legislature, but by the corporators; and it is only in the case of corporations organized under special charters where the name is given by the legislature; and, if corporators may in the first instance select and adopt a name under authority given by the legislature, it is difficult to perceive why the legislature may not permit such name to be changed upon their application to the court, a reason being shown therefor.

2. Appellant's second contention is, that the statute under which these proceedings were taken does not include corporations formed for private gain.

Section 1276 of the Code of Civil Procedure, so far as material, is as follows: "Any religious, benevolent, literary, scientific, or other corporation, or any corporation having for its name, or using or being known by the name of any benevolent or charitable order or society, may apply to the superior court . . . . for a change of its corporate name. . . . . Upon filing such petition on behalf of such corporation, the same proceedings shall be had as upon applications for change of names of natural persons, and no banking corporations hereafter organized shall adopt or use the name of any friendly association."

The contention is, that the general expression "or other corporation" is limited to include only corporations *ejusdem generis* with those specially enumerated; and appellant quotes one of the maxims of jurisprudence stated in the Civil Code, section 3534: "Particular expressions qualify those which are general." Section 3509 of the same code, however, declares: "The maxims of jurisprudence hereinafter set forth are intended not to qual-

ify any of the foregoing provisions of this code, but to aid in their just application."

The cases in which this question is discussed and applied are too numerous to be cited or discussed within the limits of this opinion. There is little, if any, controversy as to the maxim in its application to penal statutes, and of that class is the leading case of *Sandiman v. Beach,* 7 Barn. & C. 99, and the other English cases cited by appellant; and in this category may also be placed the following cases cited by him, viz.: *United States v. Garretson,* 42 Fed. Rep. 22, which imposes a penalty for cutting timber on land reserved by the government for certain enumerated purposes; and *Fox v. Hale etc. Min. Co.,* 108 Cal. 369, where the liability of the directors of a corporation for moneys "embezzled or misappropriated" was considered.

Of a different class is the case of *Matter of Hermance,* 71 N. Y. 481, which appellant cites and claims to be "exactly in point." There the question was as to what errors could be corrected by a board of supervisors under statutory authority "to correct any manifest, clerical, or other error in any assessments or returns," et cetera. The court said: "It is evident that the legislature did not intend to subject all assessments to review under the act and upon every question that could arise affecting its legality and propriety. If it had been intended to permit a correction by this new tribunal of all errors of judgment, errors of fact, errors of law, jurisdictional questions, why were certain errors specified and others of more importance omitted?"

That case is a good illustration of the application of the maxim *noscitur a sociis,* for it is clear that the errors intended to be corrected were not errors of judgment, since that would be to substitute their judgment for that of the assessor, nor was it within their jurisdiction to correct errors of law, as they were not clothed by the act with judicial powers.

But in this case the necessity or desirability of a change of name is as likely to occur in the case of a private corporation organized for profit as any other, and there is no reason suggested why a change of name should not be permitted to such corporations as well as to those specifically named.

I advise that the judgment be affirmed.

Gray, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.