[No. 8448.   Department One. — May 18, 1886.]

ANNA E. DIXON, RESPONDENT, v. CHARLES H. ALLEN, APPELLANT.

LIBEL — COMPLAINT — PRIVILEGED COMMUNICATION. — In an action for libel, the complaint need not aver that the alleged libelous publication was not privileged.

ID. — PRESUMPTION AS TO FALSITY AND MALICE — EVIDENCE. — When language is actionable, and it does not appear to be privileged, it is presumed to be both false and malicious, and no other evidence of falsehood or malice is necessary than the publication itself in order to establish a *prima facie* case for the plaintiff.

ID. — CHARGING PUPIL WITH UNWOMANLY CONDUCT — WORDS ACTIONABLE PER SE. — The action was brought to recover damages for a libel. The

| | |
|---|---|
| 69 | 527 |
| 78 | 572 |
| 69 | 527 |
| 93 | 425 |
| 69 | 527 |
| 94 | 31 |
| 69 | 527 |
| 98 | 319 |
| 69 | 527 |
| 105 | 289 |
| 69 | 527 |
| 122 | 218 |

plaintiff, at the time of the publication complained of, was a pupil in the State Normal School at San José, of which the defendant was the principal. The alleged libel consisted of a portion of a letter written by the defendant, and by him caused to be published in a newspaper, in which it was said of and concerning the plaintiff as such pupil that "by her conduct in class, by her behavior in and about the building, and by her spirit as exhibited in numberless personal interviews, she has shown herself tricky and unreliable, and almost entirely destitute of those womanly and honorable characteristics that should be the first requisites in a teacher." The letter was written in reply to certain censorious articles that had appeared in the public press reflecting upon the faculty and management of the normal school in connection with their treatment of the plaintiff. *Held*, that the publication was actionable *per se*, and was not a privileged communication.

*Held further*, that the language complained of was unambiguous, and that its meaning should not have been submitted to the jury.

Id. — Evidence as to Family of Plaintiff. — On the trial, the mother of the plaintiff testified as to the number and ages of her children, the brothers and sisters of the plaintiff, and the death of her husband. *Held*, that the evidence was admissible.

Id. — Undertaking for Costs — Failure to File — Objection to — Jurisdiction. — In an action for libel, the failure of the plaintiff to file an undertaking for costs, as required by the act of 1871, does not deprive the court of jurisdiction; and if objection is made by the defendant to such failure, the court may grant the plaintiff time within which to file the undertaking.

Appeal from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The action was brought to recover damages for a libel. The facts are stated in the head-notes and opinion of the court.

*Moore, Laine & Johnston*, for Appellant.

*D. M. Delmas*, for Respondent.

McKinstry, J.—Appellant insists that the complaint is subject to demurrer, because it does not allege in express terms that the publication was not "privileged."

The definition of libel in the Civil Code, section 45, does not affect the mode of pleading in actions of this character. The complaint herein alleges that the publication was false and "malicious."

Prior to the codes, although the courts held that malice, meaning bad intent, was a necessary ingredient of libel, they also held that it was not absolutely necessary to allege malice in a declaration, and the very common, if not universal, introduction of an allegation of malice in a declaration for libel, "was rather to exclude the supposition that the publication had been made on some innocent occasion." *Ex malitia*, in its legal signification, imports a publication that is false, and made without "legal excuse." (Townshend on Libel and Slander, 88.)

Nor does section 45 of the Civil Code enact a new rule of evidence. When language is actionable, and it does not appear that it is privileged, it is presumed to be both false and malicious, and no other evidence of falsehood or malice is necessary than the publication itself. (Townshend, 388.) And the malice presumed in a false publication can be evaded in but one way, and that is by showing a legal excuse for the act of publication; i. e., by showing that it was privileged.

The nonsuit was properly denied, because the evidence of plaintiff proved, *prima facie*, that the publication was false and malicious. The publication was not privileged. (Civil Code, sec. 47.)

. The court below properly charged that the words admitted to have been published were unambiguous and actionable. The instructions asked by defendant which would have submitted to the jury the meaning or interpretation of the language were properly refused.

The transcript shows no specific exceptions to portions of the general charge of the court. (*Sill* v. *Reese*, 47 Cal. 294; *Hicks* v. *Coleman*, 25 Cal. 122; S. C., 85 Am. Dec. 103; *St. John* v. *Kidd*, 26 Cal. 223; *Brown* v. *Kentfield*, 50 Cal. 129.)

The original complaint was filed July 28, 1881. On the 8th of August of that year, and after service of summons, the defendant obtained from plaintiff, by written

stipulation, twenty days additional time to plead in the cause. On the 31st of August, 1881, and after service of an amended complaint, defendant stipulated that the amended complaint should be filed and be considered duly verified. September 2d defendant demurred to the amended complaint. The demurrer was overruled, and ten days given to answer. By stipulation the time to answer was extended to October 21, 1881, on which day the answer was filed; and thereupon by agreement of the parties the cause was set for trial on November 7, 1881.

November 1, 1881, defendant's attorney gave notice of a motion, returnable on the 4th of the same month, to dismiss the action, on the ground that no bond for costs had been filed. The court refused to dismiss the action, but gave the plaintiff leave to file the statutory undertaking on the following Monday. On the Monday following the bond in due form was (in legal effect) executed and filed.

Counsel for appellant urge that the court should have dismissed the action, and erred in allowing the plaintiff leave to file the bond within the time limited. The statute (Acts of 1871, p. 533, sec. 1) does not deprive the Superior Court of jurisdiction in case the undertaking is not filed.

The object of the statute is accomplished, if, when the objection is made, the undertaking is executed and the defendant thus secured the costs and charges, which may be awarded to him.

The testimony of the witness Anna Dixon was admissible. (*Rhodes* v. *Naglee*, 66 Cal. 677.)

Judgment and order affirmed.

Ross, J., and MYRICK, J., concurred.