[No. 11989.   Department Two. — April 17, 1889.]

78  571
93  425

SARAH B. STINSON, APPELLANT, v. IRA M. CAR-
PENTER, RESPONDENT.

SLANDER — FAILURE TO FILE UNDERTAKING FOR COSTS — JURISDICTION —
DISMISSAL. — The failure of the plaintiff in an action for slander to file
an undertaking for costs before the issuance of the summons, as provided
in the act of March 23, 1872, does not deprive the court of jurisdiction.
And a dismissal of the action on account of such failure is erroneous,
when a proper undertaking is on file at the time the motion to dismiss is
made.

APPEAL from a judgment of the Superior Court of
Lake County.

The facts are stated in the opinion of the court.

*E. W. Britt,* for Appellant.

The action was erroneously dismissed. (*Dixon* v.
*Allen,* 69 Cal. 527; *Dowell* v. *Richardson,* 10 Ind. 573;
*Breeding* v. *Finley,* 1 Dana, 477.)

*R. W. Crump,* for Respondent.

McFARLAND, J.—This is an action to recover damages
for alleged slander. The action was commenced August
27, 1886. No undertaking for costs was filed by plain-
tiff before the issuance of the summons, as provided in
the act of March 23, 1872 (Stats. 1871–72, p. 533,
sec. 1); but four days later, on August 31, 1886, such a
bond in due form was filed. Defendant appeared and
demurred to the complaint; he afterward withdrew the
demurrer and filed an answer; he once obtained a post-
ponement of the trial on account of the illness of his
counsel; and he consented that the trial be set for Oc-
tober 20, 1886. On October 20th, when a jury was in
attendance for the trial of the case, defendant objected
for the first time that an undertaking had not been filed
in time, and moved to dismiss the action because the

undertaking was not filed "for several days after filing the complaint and issuance and service of summons." Upon this ground the court granted the motion to dismiss the action, and entered judgment for defendant. Plaintiff appeals from the judgment.

Passing the question whether defendant had not waived any rights which he might have had in the premises, we think that the main question has been settled against him by this court in *Dixon* v. *Allen,* 69 Cal. 527. In that case the court, referring to the failure to file an undertaking at the commencement of the action in a case of libel or slander, say: "The statute (Acts of 1871, p. 533, sec. 1) does not not deprive the superior court of jurisdiction in case the undertaking is not filed. The object of the statute is accomplished, if, when the objection is made, the undertaking is executed, and the defendant thus secured the costs and charges which may be awarded him." In that case no undertaking was on file when the motion to dismiss was made; and the court held that it was proper to allow an undertaking to be then filed. In the case at bar an undertaking had been filed months before the objection was made. We think, therefore, that the court below erred in dismissing the action. This view of the case makes it unnecessary to examine the question whether the one hundred dollars counsel fee allowed by the statute to the prevailing party in a libel or slander suit should be put into the verified cost-bill.

Judgment reversed, with directions to the court below to deny the motion to dismiss the action.

THORNTON, J., and SHARPSTEIN, J., concurred.