[No. 12844.   In Bank. — February 19, 1892.]

MARY SMITH, APPELLANT, *v.* HUGH McDERMOTT, RESPONDENT.

LIBEL AND SLANDER — SECURITY FOR COSTS — RESIDENCE OF SURETIES — DISMISSAL OF ACTION. — The act of March 23, 1872, concerning actions for libel and slander, requiring a written undertaking to be filed, on the part of the plaintiff, for the payment of costs, and providing that an action commenced without the filing of the undertaking shall be dismissed, requires that the sureties must be residents within the county where the action is brought, and an undertaking by sureties who reside in another county is defective, and if no other undertaking is filed or offered to be filed, a motion by the defendant to dismiss the action is properly granted.

ID. — REPEAL OF ACT REQUIRING SECURITY — EFFECT OF CODE. — The act of March 23, 1872, concerning actions for libel and slander, was not repealed by the Code of Civil Procedure, passed on March 11, 1872. A subsequent act is not repealed by a prior one.

ID. — CONSTITUTIONAL LAW — LOCAL LEGISLATION. — The act of March 23, 1872, concerning actions for libel and slander is not a local or special law, within the meaning of subdivision 3 of section 25 of article IV. and section 1 of article XXII. of the constitution, prohibiting the passage of local or special laws regulating the practice of courts of justice, and was not repealed by the adoption of the constitution.

ID. — "SPECIAL LAW." — A "special law" is one relating to a selected class, as well as to a particular object, and an act not relating to a selected class, but extending to and binding all within the jurisdiction of the law-making power, is not a special law.

ID. — PROSPECTIVE CONSTRUCTION OF CONSTITUTION — REPEAL OF PAST ACTS. — The provision of the constitution that the legislature shall not pass local or special laws in certain cases applies to future and not to past legislation, and does not operate to repeal acts passed before the constitution went into effect.

APPEAL from an order of the Superior Court of San Mateo County dismissing an action, and from a judgment entered thereon.

The facts are stated in the opinion.

*Henry E. Highton,* for Appellant.

*Edward F. Fitzpatrick, George H. Buck,* and *Henry W. Walker,* for Respondent.

BELCHER, C. — This is an action to recover damages for slander. The complaint was filed in the superior

court of San Mateo County on the twenty-eighth day of March, 1887. The summons was issued on the 18th of February, 1888, and on that day the plaintiff filed a written undertaking in the sum of five hundred dollars to meet the requirements of the "act concerning actions for libel and slander" passed March 23, 1872. (Stats. 1871–72, p. 533.) The undertaking was executed in the city and county of San Francisco, and in the affidavit annexed thereto each of the sureties stated that he was " a resident and freeholder within the state of California." As a matter of fact, each of the sureties was a resident of the city and county of San Francisco.

On the 29th of February, 1888, " and within the time allowed by law," the defendant gave notice to the plaintiff that he excepted to the sureties, and each of them, and that he required them to appear before the judge of the superior court of San Mateo County, at a specified time and place, to justify as such sureties, as prescribed by section 3 of the act of 1872.

At the time and place named, the two sureties appeared before the said judge, and were examined as to their sufficiency by counsel on· both sides, and were approved, as shown by an order of the court entered on its minutes.

Afterwards, on March 31, 1888, the defendant served on the plaintiff notice that he would move the court to dismiss the action, on the ground that an undertaking, as required by the act of 1872, had not been filed. This motion came on for hearing in April, and was argued before the court, and submitted upon briefs filed by the respective parties. After considering the matter, the court granted the motion, on the ground that " since the commencement of said action no sufficient undertaking has ever been filed herein." An order dismissing the action was thereupon entered, and from this order, which was duly excepted to. the plaintiff prosecutes this appeal.

The act of 1872 provides as follows: –

"Sec. 1. In an action for libel or slander, the clerk

shall, before issuing the summons therein, require a written undertaking, on the part of the plaintiff, in the sum of five hundred (500) dollars, with at least two competent and sufficient sureties, specifying their occupations and residences, to the effect that if the action be dismissed, or the defendant recover judgment, that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, or on an appeal, not exceeding the sum specified in the undertaking. An action brought without filing the undertaking required shall be dismissed.

"Sec. 2. Each of the sureties on the undertaking mentioned in the first section shall annex to the same an affidavit that he is a resident and householder or freeholder within the county, and is worth double the amount, etc.

"Sec. 3. . . . . The qualifications of the sureties shall be as required in their affidavits."

These sections are parts of one act, and must be read and construed together. When so read, it clearly appears that the sureties, to be "competent and sufficient," must have the qualifications required in their affidavits. One of the qualifications required to be stated in the affidavits is, that the surety is a resident "within the county." This evidently means within the county in which the action is brought. Here the sureties were not residents of the county of San Mateo, and therefore they were not, in this regard, competent and sufficient. But the affidavits are to be annexed to and are parts of the undertaking, and the statute expressly declares that if the undertaking required is not filed, the action shall be dismissed.

The appellant contends that this act was repealed by the Code of Civil Procedure, which declares that it "establishes the law of this state respecting the subjects to which it relates" (sec. 4), and that "in all cases provided for by this code, all statutes, laws, and rules heretofore in force in this state, whether consistent or not with the provisions of this code, unless expressly continued in

force by it, are repealed and abrogated." (Sec. 18.)   It
is urged that the code provides for but one form of civil
action, prescribes how a civil action is to be commenced,
how and when the summons is to be issued and served,
and that when the service is complete, "the court is
deemed to have acquired jurisdiction of the parties, and
to have control of all the subsequent proceedings"; that
these provisions apply to all civil actions, and that there
is no provision, expressly or by implication, continuing
in force the act in question.

The ready and obvious answer to this argument is,
that the four codes were passed on the eleventh day of
March, 1872, while the act claimed to have been repealed
thereby was subsequently passed at the same session.   A
subsequent act is not repealed by a prior one.   Besides,
section 4479 of the Political Code provides: "If the pro-
visions of any law passed at the present session of the
legislature contravene or are inconsistent with the pro-
visions of either of the four codes, the provisions of such
law must prevail."

The appellant also contends that the act was a special
law, and inconsistent with the provisions of our present
constitution, and that it ceased to exist upon the adop-
tion thereof.   The portions of the constitution relied
upon as affecting this result are section 25, subdivision
3, of article IV., and section 1 of article XXII.   They
are as follows:—

"Sec. 25.   The legislature shall not pass local or spe-
cial laws in any of the following enumerated cases, that
is to say: . . . . 3. Regulating the practice of courts of
justice."

"The provisions of all laws which are inconsistent
with this constitution shall cease upon the adoption
thereof."

We do not think this contention can be sustained.   In
our opinion, the act is not a local or special law, within
the meaning of the constitution.   It applies to the whole
state, and to every person within the state who may wish
to commence an action for libel or slander.   A special

law is one relating to a selected class, as well as to a particular object. This act does not relate to a selected class, but extends to and binds all within the jurisdiction of the law-making power.

If, however, the act could be considered a special law, still, the result claimed would not follow. It has been held by this court that the provision of the constitution that the legislature shall not pass local or special laws in certain cases applies to future and not to past legislation, and therefore does not operate to repeal acts passed before the constitution went into effect. (*Ex parte Burke*, 59 Cal. 6; 43 Am. Rep. 231; *Nevada School District* v. *Shoecraft*, 88 Cal. 372.)

The appellant further claims that the order of dismissal should be reversed upon the authority of *Dixon* v. *Allen*, 69 Cal. 527, and *Stinson* v. *Carpenter*, 78 Cal. 571.

In the first of these cases no undertaking was filed at the time of the commencement of the action. Afterwards the plaintiff filed an amended complaint, to which the defendant demurred, and, the demurrer being overruled, answered. The case was then, by agreement of the parties, set for trial on a day named. Before that day arrived, the defendant moved the court to dismiss the action, on the ground that no bond for costs had been filed. The court refused to dismiss the action, and gave the plaintiff leave to then file the statutory undertaking, and one in due form was executed and filed. This was held, on appeal, not to be error, the court saying: "The statute (Acts 1871, p. 533, sec. 1) does not deprive the superior court of jurisdiction in case the undertaking is not filed. The object of the statute is accomplished if, when the objection is made, the undertaking is executed, and the defendant thus secured the costs and charges which may be awarded to him."

In the second case no undertaking was filed by the plaintiff before the issuance of the summons, but four days later, one in due form was filed. About two months after that, when a jury was in attendance for

the trial of the case, the defendant objected for the first time that an undertaking had not been filed in time, and moved to dismiss the action because the undertaking was not filed for several days after filing the complaint and issuance and service of summons. The trial court granted the motion, and on appeal this was held to be error, on the authority of *Dixon* v. *Allen*, 69 Cal. 527.

The obvious difference between those cases and this is, that in each of them an undertaking "in due form" — that is, meeting all the requirements of the statute — was filed, while here no such undertaking has ever been filed, or offered to be filed. When the motion to dismiss was made, and the plaintiff's attention was directly called to the matter, she might have asked, and doubtless would have obtained, leave to file an undertaking in due form as required by the statute. This, however, she failed to do, preferring, as it would seem, to rely on the defective undertaking already on file, and to take the chances of its being held sufficient.

Under the circumstances shown, we think the court below was right in dismissing the action, and we therefore advise that the order and judgment appealed from be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Rehearing denied.