[S. F. No. 4705. Department Two.—May 28, 1908.]

A. BECKER, Appellant, v. IDA SCHMIDLIN, Respondent.

SLANDER—FILING UNDERTAKING.—JURISDICTION — FILING UNDERTAKING
AFTER COMMENCEMENT OF ACTION.—The jurisdiction of the court in
an action for slander does not depend upon whether a sufficient
undertaking is or is not filed at the time the action is commenced.
It has such jurisdiction even when no undertaking at all is filed,
and may permit one to be filed subsequent to the commencement
of the action, and may permit a new undertaking to be filed in
lieu of a defective one.

ID.—UNDERTAKING FOR SOLE BENEFIT OF DEFENDANT—DISCRETION IN
PERMITTING FILING OF NEW UNDERTAKING.—The undertaking pro-
vided by the statute to be given at the time an action for slander
is commenced runs in terms in favor of the defendant, and is
intended to secure him in the costs and charges of the action
which may ultimately be awarded him. The provision being for his
sole benefit, the discretion vested in the court of permitting the plain-
tiff to file a new undertaking which will afford the defendant all the
protection the law intends, should be exercised to effect that end.
Especially should this permission be granted, when the plaintiff in
good faith has originally endeavored to comply with the statute
by filing an undertaking when the suit was commenced, and when
a motion to dismiss was made for insufficiency of the undertaking
filed, then offered, and was ready and able to file a new and suffi-
cient undertaking. The fact that no new bond was then actually
presented to the court is immaterial.

APPEAL from a judgment of the Superior Court of
Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, for Appellant.

E. E. Cothran, for Respondent.

LORIGAN, J.—This is an appeal from a judgment and
order dismissing an action. The suit was brought to recover
damages for slander, the complaint setting forth several causes
of action, and it being alleged that the slanderous words
were uttered by defendant, of and concerning the plaintiff
at various dates between the first day of December, 1904, and
the first day of February, 1905. The complaint was filed

October 16, 1905, and was accompanied by an undertaking in the sum of five hundred dollars, filed on the same day, in favor of defendant as provided by statute. (Stats. 1871, sec. 1, p. 533.)

Upon January 26, 1906, upon notice of defendant excepting to the sureties on the undertaking filed and objecting to the undertaking itself and the manner of its execution and requiring that the sureties justify, that matter came up for disposition before the department of the superior court in which the action was pending. At the hearing counsel for defendant waived objection to the sufficiency of the sureties themselves, but objected that they had never executed any undertaking in the action. From the showing made it appeared that the undertaking in question had been executed by the sureties on October 9, 1905, for the purpose of being used in another action for slander between the same parties which was then pending in another department of the superior court of Santa Clara County. In that action an undertaking had been given which had been objected to and it was intended to file the undertaking now under consideration in place thereof. The undertaking, however, was not used, the motion to permit it to be filed being denied and that action dismissed. Thereafter, the attorney for plaintiff, who was likewise a notary public before whom the sureties had verified the undertaking in question, being about to commence substantially the same action in another department of the superior court, saw the sureties, who consented that the undertaking they had signed might be used in this other contemplated suit. The notary thereupon changed the dates of the undertaking and of the verification from the ninth to the eleventh day of October, 1905, and as so changed, filed it with the complaint in this present action.

These facts appearing, counsel for defendant immediately moved that the action be dismissed upon the ground that no undertaking had been filed as required by the statute. The matter of the sufficiency of the undertaking was thereupon submitted to the court, and the judge thereof stated that he was satisfied that the undertaking was insufficient. Thereupon, counsel for plaintiff moved for leave to file a new undertaking—no new undertaking being then presented—to which offer objection was made by counsel for defendant and

the matter was submitted to the court on briefs of the respective parties to be filed. Thereafter, on February 9, 1906, the motion of plaintiff for leave to file a new undertaking was denied, and the motion of defendant that the action be dismissed was sustained and an order and judgment entered dismissing it. Exception was taken by plaintiff to the order denying the motion for leave to file a new undertaking and to the order dismissing the action, and under these exceptions the ruling and order of the court below are here for review.

It is insisted by the appellant that under the circumstances disclosed by the record it was an abuse of discretion on the part of the trial court to deny him permission to file a new undertaking, and to dismiss the action, and we are inclined to that view.

The jurisdiction of the court in an action for slander does not depend upon whether a sufficient undertaking is or is not filed at the time the suit is commenced. It has such jurisdiction even when no undertaking at all is filed, and may permit one to be filed subsequent to the commencement of the action, and, of course, may permit a new undertaking to be filed in lieu of a defective one. (*Dixon* v. *Allen,* 69 Cal. 527, [11 Pac. 179]; *Stinson* v. *Carpenter,* 78 Cal. 571, [21 Pac. 304]; *Smith* v. *McDermott,* 93 Cal. 421, [29 Pac. 34].)

It is true that a plaintiff neglecting to file a sufficient undertaking when suit is commenced incurs the danger of having his action dismissed upon the motion of the defendant for such failure, but when such motion is made and is well taken, the court may, nevertheless, in the exercise of a sound discretion, having jurisdiction of the action, permit the plaintiff to file a new and sufficient undertaking. The undertaking provided by the statute to be given runs in terms in favor of a defendant, and is intended to secure him in the costs and charges of the action which may ultimately be awarded him. The provision is for his sole benefit and this being true, the discretion vested in the court of permitting plaintiff to file a new undertaking which will afford a defendant all the protection the law intends should be exercised to effect that end. So exercised, it will permit the cause to be tried on its merits, which the law favors, instead of preventing it, which it discountenances. Especially should this permission

be granted where it appears that a party in good faith has originally endeavored to comply with the statute by filing an undertaking when the suit is commenced. This the plaintiff here did. We do not discuss the matter of the legal sufficiency of the undertaking which was filed, because that point is not involved on this appeal. But assuming that it was insufficient—or void as the trial court found—because executed to be used in another action, still the circumstances under which it was used in the present action, which disclose that it was with the express consent of the sureties who were admittedly financially responsible, indicated that counsel for plaintiff was, at least, acting in good faith under a belief that the undertaking was valid when he filed it. It further appeared at the hearing that the sureties on the undertaking were present in court offering to justify. One of them, the only one who testified, offered then to go on the undertaking, and it is to be inferred that the other who had consented to be bound before the undertaking was filed and was present in court to justify, would have been equally willing, and, hence, if plaintiff's application had been granted, it would have taken but a short time to have prepared a sufficient undertaking and filed it then and there.

Aside from the fact, however, that the plaintiff was ready, able, and willing to then furnish a good and sufficient undertaking, it further appears that when the court ultimately refused to permit him to do so, and dismissed the action, the statute of limitations had run against plaintiff's cause of action, and he was prevented from commencing a new suit. The result of the action of the court was, therefore, to defeat the assertion of any meritorious claim for damages which plaintiff might have had against the defendant.

Under these circumstances we are satisfied that the application of plaintiff should have been granted, as was done in the case of *Dixon* v. *Allen*, 69 Cal. 527, [11 Pac. 179], where no undertaking had been filed at all, and on motion to dismiss the trial court properly allowed plaintiff to file one. And this court, in *Smith* v. *McDermott*, 93 Cal. 421, [29 Pac. 34], makes no question but that it should be done, where it says: "When the motion to dismiss was made and the plaintiff's attention was directly called to the matter (the insufficiency of the undertaking) she might have asked, and

doubtless would have obtained leave, to file an undertaking in due form as required by the statute."

There is nothing in the suggestion in respondent's brief that no new bond was presented to the court. Counsel for respondent offered to give one at the hearing, and, as we have said, the record discloses with almost a certainty that he was prepared then and there to do so. This was the very offer that was submitted on briefs and taken under advisement by the court, and it was not fatal to the claim of plaintiff of abuse of discretion by the court in denying it, that he did not actually tender an executed undertaking, when the court had under consideration the very matter of whether it would permit him to do so or not.

The judgment of the trial court is reversed, with directions to set aside the order of dismissal, and grant leave to the plaintiff to file an undertaking as required by the statute within a limited time.

Henshaw, J., and McFarland, J., concurred.