[L. A. No. 5376. In Bank.—December 15, 1917.]

## GEORGE D. CARTER, Petitioner, v. SUPERIOR COURT OF KERN COUNTY et al., Respondents.

COSTS—NONRESIDENT PLAINTIFF—SECURITY FOR COSTS—UNDERTAKING BY QUALIFIED CORPORATION.—Under section 1036 of the Code of Civil Procedure, providing for security for costs by a nonresident plaintiff, on demand therefor, and a stay of proceedings for failure to give such security, an undertaking by a qualified surety corporation is sufficient.

ID.—SECURITY FOR COSTS — UNDERTAKING BY SURETY CORPORATION— QUALIFICATION OF CORPORATION NOT SHOWN.—Where security for costs is given by the undertaking of a surety corporation, the qualification of such corporation need not appear on the face of the undertaking, but it is sufficient if the corporation be in fact qualified as required by law.

ID.—SECURITY FOR COSTS — FORM OF UNDERTAKING — INSUFFICIENCY.— Where security for costs is required on behalf of a nonresident

plaintiff, an undertaking that "*plaintiff* will pay all costs and charges," etc., is insufficient; the sureties must, *themselves,* expressly promise to pay such costs and charges, etc.

ID.—SECURITY FOR COSTS — DEFECTIVE UNDERTAKING — JURISDICTION— DISMISSAL DISCRETIONARY.—Where a nonresident plaintiff, of whom security for costs is required, attempts in good faith to comply with the requirements of the statute but files an undertaking defective in form, the court does not lose jurisdiction of the action after the expiration of thirty days, and is not bound to dismiss the action, but may in its discretion give leave to file a proper undertaking.

ID.—SECURITY FOR COSTS—FAILURE TO FILE WHEN PROPERLY REQUIRED —PROHIBITION.—Where a court refuses to dismiss an action for failure of the plaintiff to give security for costs when properly required and is proceeding to try the cause without any undertaking being filed, the defendant has no plain, speedy, and adequate remedy in the ordinary course of law, and prohibition will lie.

ID.—COURTS — PROHIBITION — EXCEEDING JURISDICTION.—A court that proceeds in the trial of a cause against an express prohibition of a statute is exceeding its jurisdiction, and may be prevented by prohibition from the supreme court.

APPLICATION for Writ of Prohibition to the Superior Court of Kern County. Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

Charles W. Chase, for Petitioner.

Muhleman & Crump, for Respondents.

ANGELLOTTI, C. J.—Petitioner Carter is a defendant in an action pending in the superior court of Kern County, in which one Mary V. Douthit, a resident of the state of Oregon at and ever since the commencement of the action, is the plaintiff. He regularly made demand as provided by sections 1036 and 1037 of the Code of Civil Procedure, for security for the costs and charges which might be awarded against the plaintiff in the action. Within thirty days of such demand the plaintiff filed what is claimed to be a sufficient undertaking in the sum of three hundred dollars, with the Fidelity and Casualty Company of New York, as sole surety. Claiming that no such undertaking as is required by the law had ever been filed, Carter, after the expiration of thirty days from the date of the demand, made a motion in the superior court that the action be dismissed. The su-

perior court, apparently holding the undertaking sufficient, denied the motion, and is about to proceed with the trial of the case. Carter then instituted this proceeding in the district court of appeal of the second appellate district to obtain a writ of prohibition restraining further proceedings in said action in the superior court. Judgment was therein given perpetually restraining all further proceedings in the superior court. On petition to this court, this judgment was vacated and the matter ordered heard herein.

Section 1036 of the Code of Civil Procedure provides that when the plaintiff in an action or special proceeding resides out of the state, security for the costs and charges which may be awarded against him may be required by the defendant. It further provides: "When required, all proceedings in the action or special proceeding must be stayed until an undertaking, executed by two or more persons, is filed with the clerk, to the effect that *they* will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, or special proceeding not exceeding the sum of three hundred dollars." Section 1037 provides that "after the lapse of thirty days from the service of notice that security is required, . . . upon proof thereof, and that no undertaking as required has been filed, the court or judge may order the action or special proceeding to be dismissed."

Any suggestion that the undertaking filed is insufficient because executed by only *one* surety, instead of two or more as provided in section 1036 of the Code of Civil Procedure, is answered by section 1056 of the Code of Civil Procedure, which provides that a corporation qualified as required by law for that purpose may be accepted as sole and sufficient surety in all cases where an undertaking with any number of sureties is authorized or required. It is not claimed that the surety here was not in fact such a corporation, the only claim in that connection being that such fact does not appear from the undertaking itself. We do not consider it essential to the validity of the undertaking that such fact appear on its face. The statute makes no such requirement. The vital thing is that it is *in fact* qualified as provided by law. The remaining objection is more serious, and is the one upon which the learned district court of appeal based its conclusion that a sufficient undertaking had not been filed. As we have seen, section 1036 of the Code of Civil Procedure re-

quires that the undertaking must be to the effect "that *they* [the sureties] will pay such costs and charges," etc. The undertaking filed does not expressly so provide, the express undertaking and promise therein being simply one "on the part of the plaintiff that *said plaintiff* will pay all costs and charges which may be awarded against the plaintiff . . . not exceeding the sum of three hundred dollars." Nowhere therein does the surety expressly promise to pay any money or expressly declare itself bound in any sum of money. In view of the recent decision of this court in *San Luis Obispo County* v. *Ryal,* 175 Cal. 34, [165 Pac. 1], it is certainly at least very doubtful whether any recovery thereon could be had by Carter. However this may be, it is not the kind of undertaking prescribed by the statute which calls for one in which the sureties themselves expressly promise to pay such costs and charges as may be awarded against the plaintiff, not exceeding the specified sum. We are of the opinion that a defendant demanding security for costs, etc., under section 1036 of the Code of Civil Procedure has the right to insist upon an undertaking measuring fully up to the requirements of the section, and that in the particular under discussion this bond did not do so.

It does not follow, however, that because of this failure on her part the superior court may be perpetually restrained from all further proceedings in the action. The failure to file such an undertaking within thirty days from the service of notice that security is required or at all does not deprive the court of jurisdiction of the action, or operate as a dismissal thereof. Certainly the statute does not so provide. There is no requirement in the statute that the undertaking must be filed within any specified time, and no requirement that the action *must* be dismissed if the required undertaking is not filed within a specified time. Section 1037 of the Code of Civil Procedure, the section relative to dismissal, simply provides that "after the lapse of thirty days from the service of notice that security is required, or of an order for new or additional security upon proof thereof, and that no undertaking as required has been filed, the court or judge *may* order the action . . . to be dismissed." In the connection in which it is used, there is no reasonable ground for reading the word "may" as "must." Doubtless the court should grant such a motion to dismiss in the

absence of circumstances tending to excuse the failure to file the required undertaking, and perhaps where the evidence is without conflict and tends to show no excuse, could be compelled to do so by mandate. But whether it grants or denies the motion, it is acting in the exercise of its jurisdiction, and in the absence of a dismissal the court retains jurisdiction of the action. It seems clear, also, that the required undertaking may be filed at any time prior to dismissal. Even if the statute be so construed as to require such filing within the thirty days, there can be no doubt that the trial court in the exercise of a sound discretion could permit such filing, and should do so where it appears that a party in good faith has originally endeavored to comply with the statute by filing an undertaking which was defective. This has been expressly held in relation to the bond required in actions for libel and slander to secure the defendant as to costs and charges, where the statute expressly provided that "an action brought without filing the undertaking *shall* be dismissed." The decisions under this act fully sustain our views on the question of jurisdiction and the power of the court on motion for dismissal for failure to file bond. (*Dixon* v. *Allen,* 69 Cal. 527, [11 Pac. 179]; *Stinson* v. *Carpenter,* 78 Cal. 571, [21 Pac. 304]; *Becker* v. *Schmidlin,* 153 Cal. 669, 671, [96 Pac. 280].) In the last case cited, it was assumed by this court that the bond filed was in fact void. But it was apparent that counsel for the plaintiff was at least acting in good faith under a belief that it was valid, when he filed it. The order of the lower court refusing leave to plaintiff to file a new bond and dismissing the action was reversed. The court said that the undertaking, as here, was intended to secure defendant in the costs and charges which might ultimately be awarded him; and that "the provision is for his sole benefit, and this being true, the discretion vested in the court of permitting plaintiff to file a new undertaking which will afford a defendant all the protection the law intends should be exercised to effect that end." In *Dixon* v. *Allen, supra,* no bond was filed, and the trial court denied a motion for dismissal, giving plaintiff leave to file such a bond, which was subsequently done. This court said: "The statute does not deprive the superior court of jurisdiction in case the undertaking is not filed. The object of the statute is accomplished if, when the objection is made, the undertaking is

executed and the defendant thus secured the costs and charges, which may be awarded to him." (See, also, *Farmer* v. *Warner,* 64 Kan. 878, [68 Pac. 1127].) In the recent case of *Estate of Baker, ante,* p. 430, [168 Pac. 881, 882], this court said, speaking of a supposed failure to comply with the requirements of the statute here involved (Code Civ. Proc., secs. 1036, 1037) : "It does not follow that the court is bound to dismiss it or that if it refuses to do so the further proceedings therein are without jurisdiction and void." The case of *Meade County Bank* v. *Bailey,* 137 Cal. 447, [70 Pac. 297], relied on by petitioner, is not in conflict with anything we have said. There the trial court dismissed the action because no proper bond was ever filed, and the matter came before this court on appeal from such order. The opinion does not suggest that any showing of excuse was made in the lower court or that there was any offer to file a proper bond therein, and it was held that the court did not err in dismissing the action.

However, it is clear that proceedings in the action should be stayed pending the filing of the required undertaking. This much is expressly provided in section 1036 of the Code of Civil Procedure, and manifestly is essential to accomplish the object of the statute. Of this provision it was said in *Meade County Bank* v. *Bailey, supra:* "The statute vests in the defendant the right to have the bond, and the court cannot against his will deprive him of that right, or alter the amount or terms of the bond required. When the demand for security for costs is made in the proper case, the law itself enjoins further proceedings on the part of the plaintiff until the demand is complied with according to the provisions of the code." Will prohibition lie to prevent such further proceedings pending the filing of the undertaking? Where the court refuses to dismiss an action for failure to file the required undertaking, and is proceeding to try the cause without any undertaking being on file, manifestly the defendant has no plain, speedy, and adequate remedy in the ordinary course of law. A similar situation was presented in *Hayne* v. *Justice's Court,* 82 Cal. 284, [16 Am. St. Rep. 114, 23 Pac. 125], where the lower court was proceeding to try a case in disregard of the provisions of section 45 of the Insolvency Act, which plainly prohibited prosecution to final judgment of actions against the debtor, until the question of

his discharge was determined. This court there said: "This is a plain and direct prohibition against any further proceedings in the Justice's court, and the petitioner having brought himself within the statute, is entitled to the relief prayed for. . . . A court that proceeds in the trial of a cause against an express prohibition of a statute is exceeding its jurisdiction, and may be prevented by prohibition from this court." It appears to us that in no other way could the petitioner here receive the protection that the statute guarantees, and the decision is certainly sufficient authority for the proposition that, seeking and insisting upon such protection, he is entitled to have proceedings stayed in the lower court, pending the filing of the required bond, by prohibition.

It is ordered that a peremptory writ of prohibition issue prohibiting respondents from further proceedings in the action of Mary V. Douthit, Plaintiff, *v.* George D. Carter et al., Defendants, now pending in the superior court of Kern County, in so far as said defendant George D. Carter is concerned, pending the execution and filing by the plaintiff therein of the undertaking for costs and charges required by section 1036 of the Code of Civil Procedure; saving and excepting to respondents the right and power to entertain and determine any motion for dismissal of said action under the provisions of section 1037 of the Code of Civil Procedure, as well as the right and power to allow a proper bond to be filed in accord with the requirements of said section 1036 of the Code of Civil Procedure.

Victor E. Shaw, J., *pro tem.*, Sloss, J., Shaw, J., Melvin, J., and Henshaw, J., concurred.