[Civ. No. 5243.   Third Appellate District.—November 20, 1934.]

SHELL OIL COMPANY (a Corporation) et al., Petitioners,
v. THE SUPERIOR COURT OF SONOMA COUNTY
et al., Respondents.

McCutchen, Olney, Mannon & Greene, Geary & Geary, C. J. Tauzer and Barrett & McConnell for Petitioners.

Cowan, Kroyer & Jacobsen for Respondents.

THOMPSON, J.—In this proceeding for a writ of prohibition five persons, who are named as defendants in a suit for libel, seek to preclude the Superior Court of Sonoma County from trying and determining the case until the plaintiffs have first filed therein an adequate bond for costs as required by statute.

The petition alleges that ten former employees of the Shell Oil Company, who were recently discharged by that company, have consolidated their separate suits for libel under the provisions of section 378 of the Code of Civil Procedure, for the purpose of trial. Five defendants are made parties to the suit. While the plaintiffs join in one complaint, their several causes of action are kept separate and each plaintiff asks for a judgment of $25,000 from the defendants as damages sustained as the result of the publication of an alleged libel against each plaintiff. After naming all of the plaintiffs, the complaint charges that "each for himself, and not one for the other" asserts that the defendant Shell Oil Company and its agents conspired with their co-defendant. Press Democrat Publishing Company to maliciously and wrongfully publish in its newspaper at Santa Rosa a libelous article, which was printed June 16, 1933, stating that the plaintiffs were discharged from their employment with the Shell Oil Company "for serious violation of the company policies"; that they were dismissed as a result of a "shake-up", after conducting "an audit investigation of lubricating oil sales". The newspaper article further stated that "No court action will be taken against any of the men involved." In the innuendo it was charged that the defendants inferred by the language which was employed in the newspaper article that the plaintiffs had been discharged on account of dishonest conduct on their part in transactions performed as

employees of the company. The prayer of the complaint then stated that "each plaintiff for himself and not one for the other prays for judgment against the defendants for the sum of $25,000". Prior to issuing the summons in that suit, one bond only for costs was executed by two individuals and filed in the action. The undertaking was limited to a maximum liability of $500. After reciting the title of the court and cause, including the name of each plaintiff and defendant, the bond reads:

"Whereas, each of the above named plaintiffs has commenced or is about to commence an action in the Superior Court, . . . against the defendants above named, . . . and has applied or will apply for the issuance of summons in said action against said defendants:

"Now Therefore, in consideration of the filing of said action and the issuance of said summons, we, Martin J. Smith, . . . and Sydney J. Wall, . . . as sureties, and in consideration of the premises, do jointly and severally undertake in the sum of Five hundred dollars ($500.00) and promise to the effect that if said action be dismissed or defendants recover judgment, that we will pay such costs and charges as may be awarded against the said plaintiffs and in favor of said defendants, *not exceeding the said sum of Five Hundred Dollars* ($500.00), to which amount we acknowledge ourselves jointly and severally firmly bound by these presents."

Separate answers to the complaint were filed by two different firms of lawyers. One answer was filed in behalf of Shell Oil Company and two of its agents, who were joined as defendants. A separate answer was filed on behalf of the Press Democrat Publishing Company and Vernon Silvershield. The suit was dismissed with respect to three of the plaintiffs. It is still pending with respect to seven of the plaintiffs. After the answers were filed, motions were made on behalf of each defendant to dismiss the action or require the filing of other bonds to furnish the defendants with ample security for their costs against each plaintiff as required by statute. These motions were denied on the theory that the bond is adequate. The cause was then set for trial for December 13, 1934. It is alleged the court will proceed to try the cause without requiring ample statutory bonds to secure the defendants' costs, unless it is

prohibited from so doing. To the petition for a writ of prohibition the respondents have demurred.

It is contended the writ of prohibition is not a proper remedy under the circumstances. of this case, since the furnishing of a statutory bond to secure the defendants' costs is not jurisdictional; that a writ of prohibition will issue only to prevent an inferior court from acting without, or in excess of, its jurisdiction. It is further asserted the bond which was filed by the plaintiffs is adequate in form and amount to satisfy the statutory requirements. Finally, it is insisted the defendants waived their right to object to the sufficiency of the undertaking by filing their answers without first presenting the motions to dismiss the action or to supply further adequate bonds.

The writ of prohibition is the proper remedy to prevent a superior court from trying and determining a libel suit in the absence of an adequate bond securing the defendants' costs as required by statute, when a timely motion for the filing of such bond has been first presented to the court and denied. (*Carter* v. *Superior Court,* 176 Cal. 752, 757 [169 Pac. 667].) In the case last cited, Carter was sued by a nonresident plaintiff. Upon Carter's motion, which was presented under the provisions of section 1036 of the Code of Civil Procedure, to require the plaintiff to furnish an undertaking to secure defendant's costs, a bond was filed which plaintiff claimed was adequate to fulfill the requirements of the statute. After the lapse of thirty days, Carter moved to dismiss the action for plaintiff's failure to file the bond, under the provisions of section 1037 of the Code of Civil Procedure. The bond was insufficient. The motion to dismiss the cause was denied. The trial court held that the bond was adequate. Upon petition for a writ of prohibition the District Court of Appeal held that the undertaking was insufficient to comply with the statute and thereupon restrained the trial court from proceeding to determine the cause. On subsequent hearing of that proceeding by the Supreme Court, it was also held that the bond was inadequate, and a writ of prohibition was issued by that court restraining the trial court from entertaining further proceedings until an adequate bond was filed therein as required by law, and reserving to Carter the right to move for a dismissal of the action in the event

that the bond was not filed within thirty days thereafter. The court said in regard to that proceeding:

"Even if the statute be so construed as to require such filing within the thirty days, there can be no doubt that the trial court in the exercise of a sound discretion could permit such filing, and should do so where it appears that a party in good faith has originally endeavored to comply with the statute by filing an undertaking which was defective. This has been expressly held in relation to the bond required in actions for libel and slander to secure the defendant as to costs and charges, where the statute expressly provided that 'an action brought without filing the undertaking *shall* be dismissed'. The decisions under this act fully sustain our views on the question of jurisdiction and the power of the court on motion for dismissal for failure to file bond. (*Dixon* v. *Allen*, 69 Cal. 527 [11 Pac. 179]; *Stinson* v. *Carpenter*, 78 Cal. 571 [21 Pac. 304]; *Becker* v. *Schmidlin*, 153 Cal. 669, 671 [96 Pac. 280].) . . .

"However, it is clear that proceedings in the action should be stayed pending the filing of the required undertaking. This much is expressly provided in section 1036 of the Code of Civil Procedure, and manifestly is essential to accomplish the object of the statute. Of this provision it was said in *Meade County Bank* v. *P riley, supra:* 'The statute vests in the defendant the right to have the bond, and the court cannot against his will deprive him of that right, or alter the amount or terms of the bond required. When the demand for security for costs is made in the proper case, the law itself enjoins further proceedings on the part of the plaintiff until the demand is complied with according to the provisions of the code.' Will prohibition lie to prevent such further proceedings pending the filing of the undertaking? *Where the court refuses to dismiss an action for failure to file the required undertaking, and is proceeding to try the cause without any undertaking being on file, manifestly the defendant has no plain, speedy and adequate remedy in the ordinary course of law.*"

While it is not necessary in order to vest jurisdiction in the trial court in the first instance that the plaintiff shall file a bond for costs in a libel suit, and it is true that the defendant may waive that undertaking (*Becker* v. *Schmidlin*, 153 Cal. 669 [96 Pac. 280]) after the defend-

ant has duly moved the court to require the furnishing of bonds, it will be deemed to constitute an excess of authority for the court to proceed to try the cause without requiring an adequate undertaking to be first filed. The writ of prohibition is the proper remedy by means of which to restrain the exercise of this excess of authority. The statute provides that ''An action brought without filing the undertaking required *shall be dismissed.*'' (Stats. 1871, p. 533, as amended by Stats. 1880, p. 81; 2 Deering's Gen. Laws of 1931, p. 2160, Act 4317.) After authorizing the defendant to move for an order requiring an additional undertaking when the original bond is deemed to be inadequate, section 6 of the act provides that: ''If the undertaking as required be not filed in five days after the order therefor, the judge or court shall order the action to be dismissed.''

The respondents herein contend that the Carter case, *supra,* is not authority for the issuing of a writ of prohibition for failure to file an undertaking in a libel suit, because section 1036 of the Code of Civil Procedure, which requires a nonresident plaintiff to file a bond for costs, specifically provides that ''When required, all proceedings in the action or special proceeding must be stayed until an undertaking . . . is filed with the clerk.'' It is suggested that no similar provision exists in the statute with relation to a bond for costs in a libel suit. But the statute last mentioned does declare that the suit shall be dismissed if the required bond be not given. This is a more stringent penalty for failure to file the bond. Section 1037 of the Code of Civil Procedure contains a similar provision authorizing the dismissal of an action for failure of a nonresident plaintiff to give a bond for costs within thirty days after notice therefor, or after the court has ordered it to be furnished. The failure to supply an adequate statutory bond for costs, by either a nonresident plaintiff or by a plaintiff in a libel suit, after due notice therefor and after the court has ordered it to be filed, results in creating a situation in which the trial court is required to dismiss the action upon motion therefor. A court may not arbitrarily deny a defendant's motion for the supplying of a cost bond and then proceed to try the case over the defendant's objection thereto. Where a court

threatens to try a libel suit without requiring an adequate statutory bond for costs to be filed, upon timely motion therefor, the writ of prohibition is the proper remedy to restrain the court from so doing.

Even though the statute regarding the filing of a cost bond in libel cases does not specifically provide for suspending the trial for failure to file the undertaking, the respondents may not complain because they are afforded the opportunity to file the bond instead of dismissing the action forthwith. As suggested in the Carter case, *supra,* where the plaintiff in good faith has filed a bond for costs which, on motion of the defendants, appears to be defective or insufficient, the court should be vested with a discretion to permit the correction of the defect or the substitution of an adequate bond within the time allowed by statute before the case is dismissed. In fact, that is precisely what the statute does contemplate. Section 5 of the act with relation to bonds for costs in libel suits, provides that ''In case a new or additional undertaking is ordered, all proceedings in the case shall be stayed until such undertaking is executed and filed, with the approval of the judge.'' And the following section provides that ''If the undertaking as required be not filed in five days after the order therefor, the judge or court shall order the action to be dismissed.''

The statute requiring the filing of a bond for costs in a libel suit is to protect those who in good faith are exercising their constitutional guaranty of free speech and freedom of the press against the too common practice of instituting libel and slander suits inspired by mere spite or ill-will and without good faith. The act has been held to be constitutional. (*Smith* v. *McDermott,* 93 Cal. 421 [29 Pac. 34].) We are of the opinion that where no bond has been filed, or where an insufficient bond has been filed, after timely motion of the defendant to supply the necessary bond has been made, the court is without authority to refuse the application or to proceed with the trial in its absence. Under such circumstances prohibition is the proper remedy to prevent the exercise of an excess of jurisdiction.

We are convinced the bond which was filed in this case is inadequate with respect to both the amount and the form of the undertaking. In effect this suit consists of

seven separate causes of action on behalf of seven separate plaintiffs, each of which depends in part upon different proof to establish the damages which are independently sought by each complainant. The plaintiffs held different positions with the Shell Oil Company in different localities. These separate cases were consolidated for convenience in the trial thereof, under the provisions of section 378 of the Code of Civil Procedure. A separate judgment is demanded in favor of each plaintiff. In reality the case consists of seven separate actions by different plaintiffs which have been consolidated in the interest of economy of time and expense. (*Colla* v. *Carmichael U-Drive Autos, Inc.*, 111 Cal. App. (Supp.) 784 [294 Pac. 378].) The respondents really concede that fact. The spirit of the statute therefore requires that each plaintiff shall file a statutory bond of $500 to cover the defendants' costs in case the action is dismissed as to any plaintiff or in the event the defendants recover judgment against any one of the plaintiffs for "such costs and charges as may be awarded against the plaintiff by judgment or in the process of the action, *or on an appeal*". We are, however, of the opinion that in lieu of a separate $500 bond on the part of each plaintiff, it would be sufficient if one bond were filed for a sum equivalent to seven times the statutory amount of $500 which is required by law of each plaintiff who maintains a separate cause of action, provided the form of the undertaking otherwise complies with the statute and clearly creates a liability against the sureties for costs against each individual plaintiff in the sum of $500. ▮ This liability is not created by the terms of the present bond. The sureties are therein limited to a total liability of "not exceeding said sum of Five Hundred Dollars". Moreover, the bond makes no provision for the payment of any costs "on an appeal" from any judgment which may be rendered. The bond is clearly deficient in that regard. The language of the bond fixes an absolute limitation of liability in the sum of $500 in the aggregate, and fails to provide for costs which may accrue on appeal. ▮ It has been definitely held that the court has no power to fix a sum for a cost bond less than the statutory amount required nor to change the amount or consideration of the undertaking fixed by statute. (*Meade County Bank* v. *Bailey*, 137

Cal. 447 [70 Pac. 297]; 7 Cal. Jur., p. 274, sec. 14.) In the Meade case last cited it is said in that regard:

"The amount as well as the condition of the bond is prescribed by the code, and the court has nothing to do with fixing the same. The statute vests in the defendant the right to have the bond, and the court cannot against his will deprive him of that right, or alter the amount or terms of the bond required."

A surety may not be held beyond the express terms of his bond, and if the contract prescribes a penalty for its breach, he cannot, in any event, become liable for more than the stated penalty. (*Carter* v. *Superior Court, supra*; sec. 2836, Civ. Code.) The justice of the above construction of the statute requiring each plaintiff who maintains a separate cause of action for libel, whether his case be prosecuted separately or in consolidation with other similar cases, to file a statutory bond of $500 to cover costs, is illustrated by the circumstances of this case. Ten different plaintiffs combined to file their separate causes of action in one complaint against five different named defendants, together with other fictitious defendants. The suits affecting three of the plaintiffs have been dismissed. It does not appear whether the suits of these three plaintiffs were brought in good faith or not. If they were dismissed before the defendants appeared in the action, it may be true that the defendants have no recourse for reimbursement for whatever costs they may have incurred on that account. Seven plaintiffs still remain in the suit with their separate causes of action. One of the items of costs to which each separate defendant is entitled, in the event of a dismissal of his suit by any one plaintiff, or upon the recovery of judgment by any defendant, is the statutory sum of $100, in lieu of attorney's fees, for each of such defendants. (*Ream* v. *Barr*, 108 Cal. App. 172 [291 Pac. 451]; *Irwin* v. *Newby*, 102 Cal. App. 110 [282 Pac. 810, 283 Pac. 370]; *Hills* v. *Shaffer*, 96 Cal. App. 520 [274 Pac. 388]; *Gloria* v. *A. Colonia Portuguesa*, 114 Cal. App. 268 [299 Pac. 807].) In the case last cited a hearing was denied by the Supreme Court. It follows that in this case at least five defendants may be entitled to attorney's fees in the sum of $100 each against any one plaintiff whose suit may be dismissed, or against whom a judgment may be recovered. It will be observed that if all of the defendants finally re-

cover judgment against any one of the plaintiffs, the bond on file is inadequate to cover more than that one item of counsel fees. It leaves nothing for other costs which may be incurred. To hold that the present bond is sufficient destroys the very spirit and purpose of the statute. We conclude that the bond on file is inadequate with· respect to both the amount thereof and the form of the undertaking.

The defendants did not waive their right to object to the sufficiency of the undertaking merely because they failed to demand an adequate bond for costs before they filed their answers. (*Wall* v. *Hunter,* 57 Cal. App. 759 [207 Pac. 934].) In the case last cited, the defendant filed a general demurrer and answer in a suit which was commenced against him by a nonresident of the state. After filing these pleadings, the defendant for the first time moved the court to require the plaintiff to furnish a bond to secure his costs under the provisions of section· 1036 of the Code of Civil Procedure. The motion was granted. For failure to file the bond within the time allowed therefor, the cause was subsequently dismissed. Upon petition for a writ of *certiorari,* the court held that the defendant had not waived his right to demand the bond as security for his costs, by first appearing and filing a demurrer and answer. The court said:

"The points urged by appellant are (1) that the defendant Wall, having answered the complaint by filing ·a general demurrer and afterward an answer thereto, waived his right to make a demand for security for costs, . . .

"As to points 1 and 3, it is sufficient to refer to the statute, sections 1036 and 1037 of the Code of Civil Procedure. These sections do not require that the demand for costs be filed or that it be made and served upon the plaintiff before demurrer or answer."

This language is applicable to the statute which is involved in this case. It does not state when the application for such a bond, or the demand for the increase thereof, shall be made. It is not too late to make such a motion after the defendant has appeared and answered the complaint, or at any reasonable time before the trial of the case.

It is true that when a defendant makes a general appearance in a case pursuant to the provisions of section 1014 of

the Code of Civil Procedure he thereby waives any defect of process and confers jurisdiction of his person upon the court. (4 C. J., p. 1354, sec. 44.) That principle is not involved in this case. The court had original jurisdiction in this case independently of the defective bond for costs which was filed. The filing of a statutory bond for costs in a libel suit is not necessary in order to confer jurisdiction of the cause upon the court. (*Dixon* v. *Allen*, 69 Cal. 527 [11 Pac. 179]; *Carter* v. *Superior Court, supra; Creditors* v. *Consumer's Lumber Co.*, 98 Cal. 318 [33 Pac. 196]; *Becker* v. *Schmidlin, supra.*) In the case last cited the court says in that regard:

"The jurisdiction of the court in an action for slander does not depend upon whether a sufficient undertaking is or is not filed at the time the suit is commenced. It has such jurisdiction even when no undertaking at all is filed, and may permit one to be filed subsequent to the commencement of the action, and, of course, may permit a new undertaking to be filed in lieu of a defective one."

In other jurisdictions the courts have held that a defendant waives his right to request a bond for costs in a libel suit by making a general appearance in the case without first demanding the undertaking. But that is not the rule in this state. The Dixon case, *supra,* does hold that a court has the discretion to deny a motion to dismiss the action for failure to file the bond when the motion was made after a stipulation was granted permitting the plaintiff to file an amended complaint, after the defendant had agreed to the setting of the case for trial and when the bond was actually on file before the motion to dismiss the cause was presented. The reason for the California rule is that the filing of the bond in the first instance is not jurisdictional, and there is nothing in the statute that indicates the intention to declare a waiver of the bond on the part of the defendant for failure to make the demand therefor before making a general appearance in the case. In the case of *Stinson* v. *Carpenter,* 78 Cal. 571 [21 Pac. 304], upon which the respondents in this case rely, the Supreme Court did say: "Passing the question whether defendant had not waived any right (to demand a cost bond) which he might have had in the premises," by first filing his answer, "we think that the main question has been settled against him." In that case, how-

ever, the bond was not filed until several days after the summons was issued. But it was on file when the motion to dismiss the action was made after the jury was in attendance for the purpose of the trial. The court did not hold that the defendant waived his right to make the motion to dismiss the action because it was not presented until after his answer was filed. The language above quoted may not be so construed. The court merely passed that question without pretending to determine it. The case is not in point.

The writ of prohibition should issue in the present proceeding not for the reason that there was an original lack of jurisdiction of the causes but because there is a threatened excess of authority in proceeding to try the case in spite of the motion which was made, without first requiring the plaintiffs to file adequate bonds as required by the statute.

The writ of prohibition is granted restraining the court from proceeding to try the causes until adequate bonds for costs of each defendant have been filed for the amounts and in the form hereinbefore suggested, with the privilege accorded the defendants to subsequently move to dismiss the cause if the plaintiffs or any of them fail to file such bonds after the order therefor is made, and within the time allowed by statute.

Plummer, J., and Pullen, P. J., concurred.