[S. F. No. 16000.   In Bank.—June 1, 1938.]

J. A. BRIED, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Leo R. Friedman for Petitioner.

Carlton D. Dethlefsen and C. F. Eschwig for Respondents.

WASTE, C. J.—Application for writ of mandate.

On September 14, 1937, plaintiff Oscar Nelson brought an action in the superior court against J. A. Bried (petitioner herein), as defendant, for damages for alleged slander. Coincident with the filing of the complaint in that action, the plaintiff filed an undertaking for costs in the sum of five hundred dollars, conditioned as required by the pertinent statute, which provides that a defendant in such an action, within ten days after service of summons, may give notice that he excepts to the sureties on the bond and requires their justification before a judge of the court at a specified time and place to be not less than five nor more than ten days thereafter, except by consent of the parties. Each of the sureties must appear before the judge at the time and place designated, and be examined on oath as to his sufficiency as a bondsman in such manner as the judge may determine. The act further provides that if the "Judge find the undertaking sufficient, he shall annex the examination to the undertaking and indorse his approval thereon. If the sureties fail to appear, or the Judge finds the sureties or either of them insufficient, he shall order a new undertaking to be given. . . . In case a new or additional undertaking is ordered, all proceedings in the case shall be stayed until such undertaking is executed and filed, with the approval of the judge." If the undertaking as required be not filed in five days after the order therefor, the judge or court shall order the action to be dismissed. (Act 4317, Deering's Gen. Laws 1931.)

The defendant in the slander suit excepted to the sureties on the bond, and demanded that they justify before a judge of the superior court. On November 15, 1937, the court made the following order: "Order exception to justification of sureties sustained—five days to file new bond." Three days later, plaintiff filed an undertaking with the same sureties as had appeared on the previous bond, the second undertaking being in all essentials identical with the first one filed with the exception of the dates and the notary public before whom the sureties appeared. According to the agreed statement of facts filed herein, no other undertaking has been filed by or on behalf of the plaintiff in said action. Defendant served on plaintiff notice of motion for an order dismissing the action for failure to comply with the order of the

court to file a *new bond*. That motion came on for hearing and was denied. Petitioner applied to the District Court of Appeal for a writ of mandate to compel respondent court to dismiss the action, which application was denied without opinion. He then applied to have the matter heard in this court, and an alternative writ was issued. By way of return to the writ, the respondents filed a demurrer and answer, in which it is alleged that an undertaking as required by the statute was filed on November 18th; that subsequently and on the 26th of November, petitioner herein demurred to the complaint and then filed his exceptions to the sureties on the new bond and a notice of motion to dismiss the action (which motion was denied), and that on the same day the plaintiff in the action served and filed a notice of justification of the sureties on the bond. Respondents herein therefore contend that a bond is on file in the slander suit, and that it was filed within five days after the order of the court requiring a new undertaking to be filed.

Nowhere in the record filed in this court is there any showing as to what preceded the making of the order by the trial judge sustaining petitioner's exceptions to the justification of the sureties on the original bond. In response to the alternative writ issued out of this court, both parties appeared for argument, and the statement was made for the first time by counsel for the respondents that the judge's refusal to justify the sureties arose out of the fact that they had not appeared until the eleventh day—the tenth day falling on a Sunday; and that the judge, while admitting the point was rather technical, held that the sureties should not be allowed to justify. Thereupon the court made its order for the filing of a new bond, and within three days such undertaking was filed with the same sureties as appeared on the rejected bond.

Respondents' position is that a dismissal of the case would be an abuse of discretion, in that, it "will result in plaintiff's suffering a bar of the statute of limitations"; that the law favors a trial on the merits, especially where, as here, "plaintiff in good faith originally endeavored to comply with the statute". The sole question seems to be: Was the second bond tendered by plaintiff a "new bond" as contemplated by the statute; if not, was it mandatory upon the trial court to

dismiss the action for failure to file such undertaking for costs within the time specified in the order of the court?

■ The object of the statute requiring the plaintiff in an action for slander to give an undertaking for costs is of course to protect the defendant and to secure to him the costs and charges he may be awarded if the judgment is in his favor. The giving of the bond is not jurisdictional. Even after a motion has been made to dismiss the action for lack of a proper undertaking, the court has power to permit the filing of such bond, and then may overrule the motion. (*Stinson* v. *Carpenter,* 78 Cal. 571 [21 Pac. 304].) It cannot be said that ''no attempt'' was made to file an undertaking in the case before us.

The case of *Shell Oil Co.* v. *Superior Court,* 2 Cal. App. (2d) 348 [37 Pac. (2d) 1078], relied on by petitioner, was a proceeding in prohibition to preclude the superior court from trying a libel case until the plaintiffs therein had first filed adequate cost bonds as required by the statute. The libel action was instituted by a number of employees of the Shell Company, and five defendants were made parties to the suit. The plaintiffs joined in one complaint, but their causes of action were kept separate, and each sought $25,000 damages from the defendants. But one bond for costs in the sum of $500 was filed. After answers had been filed, motions were made on behalf of the defendants to dismiss the action or require the filing of sufficient bonds to secure the defendants for their costs against each plaintiff. The appellate court held that the bond given was insufficient; that the lower court was without authority to proceed to try the case without first requiring the plaintiffs to file adequate bonds, reserving to the petitioners (defendants) the privilege of moving to dismiss the cause if the plaintiffs failed to file such bonds after order therefor was made. See, also, *Carter* v. *Superior Court,* 176 Cal. 752 [169 Pac. 667].

■ There is sufficient in this case to distinguish it from the Shell Oil Company case, *supra,* for it is apparent, if the argument of counsel for respondents be correct, that the undertaking on file here was sufficient, the trial court's refusal to justify the sureties rested on a mere technicality. There is no showing that the bond was in any way defective or the sureties insufficient. Apparently, according to the

statement of counsel for respondents, there was some doubt in the mind of the trial judge as to the propriety of permitting the sureties to justify on the eleventh day.

This court is not inclined to dismiss an action where it appears that a party, in good faith, originally endeavored to comply with the statute by filing an undertaking when the suit was commenced. (*Becker* v. *Schmidlin*, 153 Cal. 669, 672 [96 Pac. 280].) We assume, there being nothing in the record to the contrary, that the trial court was not of the view that the sureties, as individuals, were not sufficient to execute the bond. (*Carter* v. *Superior Court*, 176 Cal. 752, 755 [169 Pac. 667].) In view of the fact that the court denied the motion of defendant to dismiss the cause, we must assume that the second bond met with his approval, although, under the statute, *supra*, the judge was required to "annex the examination to the undertaking and indorse his approval thereon", which he apparently failed to do. However, even had the sureties been deemed insufficient at the time of the presentation of the original bond, their status may have changed between the time of the making of the order and the filing of the second undertaking to such an extent that they were then fully competent to justify as sureties. Their sufficiency to execute the second bond should have been passed upon by the trial court. There appears to be a conflict in the record as to whether the second undertaking was ever approved by the judge.

We are of the view that the case should be allowed to go to trial on its merits, and that the second bond filed by plaintiff, although identical in terms with the first undertaking filed, is under the circumstances of record a sufficient compliance with the statute and with the order of the court, if in fact the order was based on the technicality above referred to, that is, that the sureties failed to appear to justify until the eleventh day. Our determination in this regard is strengthened by the fact that if we hold otherwise the plaintiff will be prevented by the statute of limitations from commencing a new action. He should not be deprived, under the circumstances herein set forth, of the right and opportunity to prove any meritorious claim for damages he may have against the defendant, which right would be defeated by a dismissal of the cause.

The alternative writ of mandate issued herein is discharged, and the petition for a peremptory mandate is denied.

Langdon, J., Curtis, J., Houser, J., Seawell, J., and Shenk, J., concurred.

Rehearing denied.